IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00331-KDB

| | |
|---|---|
| IZAAK BOGER,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Izaak Boger's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 18). Mr. Boger, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for a period of disability and disability insurance benefits and supplemental security income disability benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

Case 1:20-cv-00331-KDB   Document 21   Filed 10/28/21   Page 1 of 9

## I. BACKGROUND

On October 18, 2018, Plaintiff filed is application for benefits under titles II and XVI of the Social Security Act, alleging that she had been disabled since August 20, 2018. (*See* Tr. 14). Plaintiff's application was denied initially and upon reconsideration. (*See id*.). After conducting a hearing on January 23, 2020,[2] Administrative Law Judge Charles Howard (the "ALJ") denied his application in a decision dated February 10, 2020. (Tr. 14-23). The ALJ considered the case de novo, and on July 29, 2020 found that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 105-127). On September 22, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1-8). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Boger has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Bogar was disabled under the law during the relevant period.[3] At step one, the ALJ found that Mr. Bogar had not engaged in substantial gainful activity ("SGA") since August 20, 2018, the alleged onset date; and at step two that he had the following medically determinable and severe impairments: depression, anxiety and hearing loss.

---

[2] Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or any other representative (Tr. 14).

[3] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

(Tr. 16). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 17).

The ALJ then determined that Ms. Bogar had the residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: This individual cannot have exposure to loud noise levels. No concentrated exposure to hazards. This individual can perform and maintain simple, routine, repetitive tasks. He can adapt to routine changes in work setting. This individual would be limited to work with no more than occasional public interaction.

(Tr. 18),

At step four, the ALJ found that the Plaintiff was able to perform past relevant work as a cook helper and automotive oiler (*See* Tr. 21). At step five, the ALJ alternatively concluded that jobs existed in significant numbers in the national economy that Plaintiff — given his age (19), high school education, work experience, and RFC — could perform. (*See* Tr. 22, 36-37). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from August 20, 2018 through the date of his decision. (*See* Tr. 22).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision

of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises a number of challenges to the ALJ's decision. First, he asserts that the ALJ's decision must be remanded on constitutional grounds, specifically that the removal restriction allegedly applicable to the former Commissioner who appointed the ALJ was constitutionally defective because it violated the separation of powers clause. Second, Plaintiff argues that the RFC

4

determined by the ALJ is not supported by substantial evidence. Third, Plaintiff claims that the ALJ erred in finding that his prior relevant work qualifies as such and that he could do that work under his RFC.  Fourth, Plaintiff alleges that the alternative jobs found by the Vocational Expert ("VE") are too noisy. And, finally, Plaintiff asked the Court to remand the case because the ALJ allegedly failed to obtain all the necessary evidence.  For the reasons discussed briefly below, the Court disagrees with Plaintiff and finds that there the ALJ decision should be affirmed rather than remanded.

The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23.  In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed

5

ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id.* Therefore, the final decision of the ALJ is not constitutionally defective.[4]

Similarly, the Court finds that there is substantial evidence to support the ALJ's conclusions with respect to the RFC and Plaintiff's lack of a disability under the relevant standards. The ALJ set forth a detailed functional analysis in determining the RFC, which is supported by every reviewing and consultative SA medical and psychological expert in the administrative record. See *Lusk v. Astrue*, No. 1:11 cv-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant evidence).

For example, the ALJ found that the report of psychological consultative examination done by Dr. Karen Marcus in November 2018 was persuasive. Tr. 19. Dr. Marcus' mental status exam was generally unremarkable, Tr. 20, Plaintiff showed a low average range of intelligence in standardized testing (without hearing aids) and he told Dr. Marcus he attended regular classes, got "A"s and "B"s, and never repeated a grade while in school. Tr. 304. Dr. Marcus found plaintiff in touch with reality, had expressive speech, clean in appearance, coherent, and with no reported history of hallucinations, delusions, or other symptoms of psychosis. Tr. 305-306. The ALJ also found persuasive the consistent opinions of other medical and psychological consultants, Tr. 20,

---

[4] Indeed, Plaintiff's constitutional "removal restriction" argument is likely not even applicable to this case because ALJ Howard was appointed by an *Acting* Commissioner of Social Security who could be removed from that office at the President's discretion. *See* 42 U.S.C. § 902(b)(4); *Collins,* 141 S. Ct. at 1783 ("[W]e generally presume that the President holds the power to remove at will executive officers and that a statute must contain "plain language to take [that power] away."); *see also United States v. Eaton*, 169 U.S. 331, 343 (1898) (holding that where a "subordinate officer is charged with the performance of the duty of the superior for a limited time, and under special and temporary conditions, he is not thereby transformed into the superior and permanent official"). Further, the Court need not and does not reach the Commissioner's additional arguments (harmless error, De Facto Officer doctrine and Rule of Necessity) in support of the constitutionality of the ALJ's ruling.

6

and observed that Plaintiff's activities, such as attending community college, supported the RFC. In sum, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c), and the Court finds there is substantial evidence to support his determination.

As noted, Plaintiff's third argument is that the case must be remanded because the ALJ erred in finding that Plaintiff could perform his past relevant work. The Court disagrees that a remand is appropriate for this reason. While the Court agrees that it is at least unclear whether the ALJ erred in this finding based on the VE's testimony that Plaintiff could not perform his prior work as a "cook's helper" and silence as to his work as an automotive oiler, *see* Tr. 44-45, the Court finds that any error related to past relevant work was harmless because the VE clearly testified[5] that in the alternative there were a number of other jobs that Plaintiff could perform within his RFC limitations. Tr. 45.

Relatedly, the jobs alternatively identified by the VE at Step 5 of the sequential evaluation were not too noisy and not too skilled for a person with Plaintiff's RFC. The VE identified the alternative unskilled jobs of housekeeper (DOT # 323.687–014); price marker (Dot # 209.587–034); and sandwich maker (Dot # 317.664-010). Tr. 45. Each of these jobs exist in significant numbers in the national economy to independently support the denial of disability benefits. Also, all of the jobs have a DOT noise level of 3 (moderate), which does not contradict the RFC. Indeed, the DOT lists hearing as "not present" for the performance of the jobs of price marker and housekeeper. And, with respect to skill, all the alternative jobs are SVP unskilled (more

---

[5] As a result of an obvious drafting or clerical error, the VE's testimony concerning alternative jobs, Tr. 45, was referenced only as "See DRI" in the ALJ's final decision. The VE's testimony, which was incorporated and relied on by the ALJ, is, however, clear on this issue so the drafting or clerical error is plainly harmless.

7

specifically, the job of housekeeper has a reasoning level (RL) of 1, while the other two jobs have an RL level of 2, consistent with the RFC).

Finally, although Plaintiff does not (and could not) challenge his voluntary, knowing and valid waiver of his right to counsel, Tr. 32-33, Plaintiff claims that the ALJ did not fairly develop the record on Plaintiff's behalf. A *pro se* claimant is "entitled to the sympathetic assistance of the ALJ to develop the record, to assume a more active role and to adhere to a heightened duty of care and responsibility." *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). However, to show prejudice – warranting remand – from the lack of counsel, a claimant must establish that the Commissioner's "decision might reasonably have been different" if evidence or testimony that counsel could have obtained or elicited had been considered. *See King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979), quoted in *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980). The Court finds that this standard has not been met here. First, the ALJ specifically asked Plaintiff (and his Grandmother who accompanied him to the hearing and repeatedly spoke on his behalf) if the ALJ needed to obtain any further medical records and was told "no." Second, even if the medical records Plaintiff now urges should have been considered were obtained by the ALJ, they are not reasonably likely to result in a different decision because the substance of the information in the records was fully considered in the other medical records and opinions that informed the ALJ's decision. Therefore, Plaintiff has not shown either that the ALJ failed in his duty to reasonably assist the Plaintiff or that the Plaintiff has suffered any prejudice sufficient to require a remand of the ALJ's decision.

Accordingly, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 28,

Kenneth D. Bell
United States District Judge